**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| JAMES J. JORDAN, | : | Bankruptcy No. 18-18032(AMC) |
| | : | |
| *Debtor* | : | |
| | : | |
| JOSEPH P. GREENLEY, JR., | : | |
| | : | |
| *Plaintiff,* | : | Adversary No. 19-00082(AMC) |
| | : | |
| v. | : | |
| | : | |
| JAMES J. JORDAN, | : | |
| | : | |
| *Defendant.* | : | |
| | : | |

**PLAINTIFF'S SECOND SUPPLEMENTAL
PRE-TRIAL BRIEF
PURSUANT TO COURT ORDER DATED JULY 21, 2021**

The Plaintiff, Joseph P. Greenley, Jr., hereinafter referred to as "Mr. Greenley," by and through his legal counsel, Offit Kurman, P.C., in the above referenced adversary proceeding, pursuant to the Court's Order dated July 21, 2021 [ECF Adv. No. 32] hereby submits this Second Supplemental Pre-Trial Legal Memorandum to further address threshold issues raised by the Court in its Order as it pertains to the timeliness of the Proof of Claim filed by and on behalf of Mr. Greenley.

*Statement of Case*

The Debtor, James J. Jordan filed a chapter 13 bankruptcy proceeding with this Court on December 4, 2018.   As the Bankruptcy Docket reflects, the Debtor did not immediately file his

schedules.  On December 11, 2018 the Debtor sought an extension of time to file the Debtor's

initial Schedules and related documents. [ECF No. 7, 8].  The Schedules in this case were then

filed on January 2, 2019. [ECF No. 10-16].  It was not until January 13, 2019, however, in which

the Clerk of the Bankruptcy Court was able to issue the Notice of Case filing which included the

necessary notice to creditors of the deadline to file any necessary proof of claim. [See ECF no.

18,19].  The Clerk's Certification of Notice indicated Mr. Greenley was sent the notice by first

class mail on January 13, 2019 to his residence. [ECF 19].

As previously noted in the first Supplemental Brief filed on behalf of Mr. Greenley, the

Debtor's bankruptcy Schedules reflects a single creditor, Joseph P. Greenley in the amount of

$300,000.  The Debtor designated the unsecured claim as contingent and disputed, thus

warranting the need for a proof of claim to be filed.  The Notice of Chapter 13 Bankruptcy Case

stated under section 8 that the deadline for creditors, except government claims, to file a Proof of

Claim was required to be filed by February 12, 2019.  Mr. Greenley filed his Proof of Claim with

the Bankruptcy Court on March 7, 2019, twenty-three days after the stated deadline set out in the

Notice of Chapter 13 Bankruptcy Case.

Mr. Greenley instituted this adversary proceeding before the Bankruptcy Court seeking to

have this Court establish that Mr. Greenley's claim against Mr. Jordan, in the amount of

$350,000 be determined to be non-dischargeable pursuant to 11 U.S.C. §523(a)(2), §523(a)(4)

and §523(a)(6).  The Debtor opposes the relief sought by Mr. Greenley and the matter was

scheduled for trial in early May of this year. Just prior to the Trial, the Court in reviewing the

pleadings and Joint Pre-Trial Statements raised an inquiry as to the nature of the claim Mr.

Greenley alleges and specifically whether this is a claim against the Debtor individually, or

alternatively, an investment in a business entity owned by the Debtor.  Further the Court posits if

the monies were tendered by Mr. Greenley to the Debtor for the acquisition of 5% of Debtor's personal property interests in the shares why would there be any restriction as to the use of the funds by the Debtor. Briefs were submitted by the parties addressing the parties' respective legal arguments on these issues.

On July 21, 2021, your Honor entered a supplemental Order expressly requesting Mr. Greenley, as the Plaintiff, to address whether Plaintiff has the ability to assert a claim since the Court noted the claim appeared to be filed beyond the stated deadline in the Notice of Chapter 13 Bankruptcy Case for the filing of claims.  This Brief is submitted in response to the Court's directive.

### *Argument*

The Court raises an interesting concern.  It is clear the Debtor filed the Proof of Claim beyond the deadline stated in the Notice.  It is also fairly well established that late filed claims are normally not permitted in a chapter 13 case.  In 2014, Judge Frank noted there are two lines of cases with respect to the treatment of late-filed claims in a chapter 13 cases.  In one line of cases, courts have held that a bankruptcy court may allow a late-filed claim in a chapter 13 case on either or both rationales: (1) the deadline for filing the claims set forth in Federal Bankruptcy Rule 3002(c) implicitly assumes creditors have received the notice of the deadline; and (2) the principal of due process of law justifies or mandates an extension of the deadline if the creditor did not receive notice of the deadline. *In re Shaffer*, 2014 Bankr. LEXIS 4585, 72 Collier Bankr. Cases 2d 1192 (Nov. 3. 2014), *citing to In re Adams*, 502 B.R. 645 (Bankr. N.D.Ga. 2013); *In re Washington*, 483 B.R. 871 (Bankr. E.D. Wis. 2012); *In re Harris*, 447 B.R. 254 (W.D. Ark. 2011); *In re Tarbell*, 431 B.R. 826 (Bankr. W.D. Wis,2010).

3

Judge Frank noted also the other line of cases have held, that based on the interrelationship of FRBP 3002(c), FRBP 9006, and 11 U.S.C. §§502(b)(9), 523(a)(3), 1328(a)(2), a bankruptcy court lacks the legal authority to allow a late filed claim in a chapter 13 case, unless there are grounds for extending the deadline under Bankruptcy Rule 3002(c).  *In re Shaffer, id., citing further to In re Bolyar*, 2009 Bankr. LEXIS 2951, 2009 WL 2869938 at *3 (Bankr. E.D. Pa Mar.12, 2009); *In re Kristiniak*, 208 B.R. 132, 133-5 (Bankr. E.D. Pa. 1997), *other citations omitted*.  In *Shaffer*, Judge Frank concluded the second line of cases was more applicable and implemented this authority in deciding the matter then before his Honor.

Under this legal authority favored by Judge Frank, argument would then necessarily turn to whether Mr. Greenley could establish whether his circumstances fit into any of the grounds set forth in FRBP 3002(c).  Succinctly stated, the exceptions are for government claims, claims of infants and incompetents, unsecured claims arising as a consequence of a judgment within 30 days after the judgment becomes final, a claim arising out of rejection of an executory contract, and if a notice of no distribution were previously given.  The latter two reasons are not normally applicable to issues in a chapter 13 case.  This seemingly, based on the analysis previously favored by Judge Frank, and presuming your Honor was to follow the precedent of Judge Frank would suggest Mr. Greenley is without legal recourse to prohibit the non-dischargeability of his purported claims against the Debtor.   Respectfully, however, the analysis of the legal rights of Mr. Greenly does not end here.

Effective December 1, 2017, there were significant changes to the Bankruptcy Code and Rules which are implicated in this case.  First, note Judge Frank's Decision in Shaffer and all of the supporting legal authority preceded the December 1, 2017 amendments to the Bankruptcy Code.  Bankruptcy Rule 3002(c) was modified from requiring a Proof of claim in a chapter 13

case to be filed 90 days after the initial notice of the meeting of creditors to 70 days after the date

of the Petition.  The logical reason for having the claims filing deadline from the date of the

issuance of the Notice of Creditor's Meeting was arguably fair because this is the first Notice

issued by the Court to creditors listing the commencement of the bankruptcy case. Before the

receipt of the Notice issued by the Clerk, creditors normally have no knowledge of the

commencement of the bankruptcy or the deadline established for filing a proof of claim.

In this case, despite the Bankruptcy having been filed on December 4, 2018, the Notice of

commencement of the case was not issued until January 13, 2019.  As a result, the first Notice

Mr. Greenley received of the case filing and of the need to file a proof of claim was once mail is

received after being deposited on January 13, 2019 by the Bankruptcy Clerk.  When the Supreme

Court Rules Committee modified Bankruptcy Rule 3002(c), it contemplated a creditor would

have 70 days to file a proof of claim.  In this case, due to extensions granted to the Debtor, Mr.

Greenley had less than 30 days, from sometime after January 13, 2019 to the February 12, 2019

deadline date as stated in the Notice to file his claim.  At first blush it appears the 2017 Rules

changes proposed by the Supreme Court failed to account for the possibility that a Chapter 13

debtor may not file the appropriate information with the Court on the filing date to permit the

Clerk to issue the required Notices of the commencement of the case and the obligation to file a

claim with 70 days.

The 2017 Rule changes, however, also added a new provision as Bankruptcy Rule

3002(c)(6)(A) which provides upon a motion filed by a creditor <u>before or after</u> the expiration of

the time to file a proof of claim, the court is permitted to extend the time  by not more than 60

days from the date of the Order granting the motion.  The Rule further provides that "the motion

may be granted if the court finds that: (A) the notice was insufficient under the circumstances to

give a creditor reasonable time to file a proof of claim because the debtor failed to timely file the

list of creditors' names and addresses required by Rule 1007(a): …" Interestingly, my former

law partner, Judge Frank had occasion to also note the fair application of this Rule in *In re*

*Mazik*, 592 B.R. 812, 815-18  (Bankr. E.D. Pa. 2018).   In *Mazik*, Judge Frank granted a

creditor's request to file a late claim upon a motion filed three months after the deadline had

passed in the chapter 13 bankruptcy case.   In this proceeding, a Proof of Claim was filed on

behalf of Mr. Greenley 23 days after the deadline set out in the Clerk's Notice of the Chapter 13

case.  As stated above, Notice of the Case and its Proof of Claim deadline was issued on January

13, 2019, only after the initial schedules.  Mr. Greenley was faced with a circumstance Judge

Frank noted the Advisory Committee on the Bankruptcy Rule changes cautioned when a creditor

received insufficient notice of the time to file a proof of claim.  *Mazik, supra*., 592 B.R. at 815

*("Subdivision (c)(6) is amended to expand the exception to the bar date for cases in which a*

*creditor received insufficient notice of the time to file a proof of claim." citing 2017 Committee*

*Note)*. The facts and circumstances of this case warrant application of such necessary relief.

A secondary consideration must also consider the application of the "deemed allowed"

treatment of claims under § 502(a) when a proof of claim is filed and no party in interest objects.

The claim is considered an allowed claim for bankruptcy administration purposes. Timeliness is

not a condition precedent to the filing of a claim under § 501 or § 502. In the absence of

objection, even an *untimely* proof of claim is allowed by § 502(a) and entitled to payment

through the plan in the same manner as other claims of its class. See *Lundinonchapter13.com*,

Keith M. Lundin, updated as of August 12, 2021.   This rule—"allowed unless objected to, even

if untimely filed"—was not upset by the 1994 amendments to § 502. Section § 502(b)(9) as

amended imposed timely filing as a prerequisite for allowance. However, § 502(b) is structured

that disallowance is triggered only if "objection to a claim is made." The penalty of disallowance specified in § 502(b)(9) is not automatically suffered by the creditor that files a tardy proof of claim. *Lundinonchapter13.com, supra*.

If a debtor files a plan, and the plan provide for the payment of a creditor's claim, even is such claim was filed late, and no one objects to the treatment under the Plan within the statutory time frames, the treatment of the claim is proper in the event the Plan is confirmed. See *In re Vincent*, 2010 WL 5137739 (Bankr. D. Or. Dec. 13, 2010). In this proceeding, the Debtor has filed a Plan and has expressly designated Mr. Greenley's claim for payment. No objection has been filed to the claim and as a consequence the claim is and remains an allowed claim.

In the event the Debtor were to present a Motion seeking to strike the claim as tardy, Mr. Greenley could file a motion under Bankruptcy Rule 3002(c)(6)(A) requesting the Court to recognize that insufficient notice was provided to permit any creditor to file a claim within a reasonable period of time as determined by the Rules Committee. Based on the facts which have occurred, this appears to be a clear circumstance where such recognition of Mr. Greenley's claim is wholly appropriate.

### *Conclusions*

Based on the forgoing facts and argument presented, while it is acknowledged Mr. Greenley's Proof of claim was filed 23 days after the original deadline for the filing of claims as identified in the Notice of Chapter 13 Case reasonable time was not afforded to creditors. Mr. Greenley acted promptly under the circumstances and had the claim filed less than 60 days of first being advised of the Bankruptcy. The facts and circumstances of what occurred at the commencement of this bankruptcy case warrant the recognition of the claim to have been timely filed. Alternatively, no objection has been filed to the tardy proof of claim and the Debtor's Plan

as filed provides for the intended treatment to the Greenly claim.  There is a clear

acknowledgement and admission of the claim existence. As a result, the claim should be deemed

allowed and this adversary proceeding permitted to proceed to trial.

Respectfully submitted:

OFFIT KURMAN, P.C.

By:*/S/ P.J. Winterhalter*
     PAUL J. WINTERHALTER
401 Plymouth Road, Suite 100
Plymouth Meeting, PA 19462
Tel.: 267.338.1370
Fax: 267.338.1335
Email: pwinterhalter@offitkurman.com
          Counsel for the Joseph Greenley

Dated: August 20, 2021